IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-20512
Summary Calendar

NH TEXAS PROPERTIES LIMITED PARTNERSHIP

Plaintiff - Appellee

v.

DOUGLAS K. MITTLEIDER

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
4:06-CV-3466

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case involves the interpretation of a Guaranty Agreement ("Guaranty") under Texas law. We affirm as modified.

## I. BACKGROUND

When NH Texas Properties Limited Partnership ("NH Texas") amended its commercial lease agreement with HP/Texas Properties, Inc. ("HP/Texas"),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Douglas Mittleider executed the Guaranty in favor of NH Texas. After HP/Texas failed to make rent payments, NH Texas filed suit against Mittleider for payment under the Guaranty. The district court entered a judgment in favor of NH Texas in the amount of $440,158.02.

## II.  DISCUSSION

Mittleider argues – and NH Texas concedes – that the total amount of the judgment should be no more than $209,823.12.[1]  We therefore modify the amount stated in the judgment.  Only one issue remains for us to decide: whether the district court erred in concluding that the guaranty covers more than the first $1,236,180.00  in rent due under the lease.  The interpretation of a contract is a question of law, which we review de novo.  Dell Computer Corp. v. Rodriguez,  390 F.3d 377, 384 (5th Cir. 2004).

In relevant part, the Guaranty states that Mittleider "guarantees . . . payment by Tenant of rent in the amount of $1,236,180.00 due under the lease in the manner and at the time prescribed in the Lease, which is a portion of the rent is [sic] payable from the date hereof until February 1, 2006 . . . ."  The district court concluded that Mittleider guaranteed payment of rent for the stated period, up to a total amount of $1,236,180.00.  In other words, the district court found that Mittleider was liable for no more than $1,236,180.00  in unpaid rent accruing during the period stated in the Guaranty, without regard to the amount of rent actually paid during the period.

On appeal, Mittleider contends that the Guaranty guarantees only that the first $1,236,180.00 in rent would be paid.  Because more than $2 million was paid under the lease, Mittleider argues that his obligation terminated before HP/Texas failed to make the rent payments at issue.  We disagree.  As the district court noted, the Guaranty did not specifically state that Mittleider

---

[1] The remittitur includes the January 5, 2005 payment of $50,000, to which the parties previously stipulated.

"guarantees the first $1,236,180.00" or "only the first $1,236,180.00 that becomes due" or similar language, though this would have been a much simpler way of conveying the interpretation Mittleider advances.

Moreover, part of the Guaranty would be meaningless if we were to accept Mittleider's interpretation. The Guaranty provision ends with the clause: "which is a portion of the rent . . . payable from the date hereof until February 1, 2006." There would be no need to define an end date of Mittleider's liability if the guarantee was intended to end as soon as $1,236,180.00 in rent was paid. As the contract states, this amount was only "a portion" of what would become due before February 1, 2006. If the tenant paid the first $1,236,180.00 in rent, Mittleider's liability could not extend beyond February 1, 2006. If the tenant failed to pay the first $1,236,180.00 in rent, Mittleider would become liable before February 1, 2006. In either case, the end date would be irrelevant under Mittleider's interpretation of the contract. A court is to "consider . . . and give effect to all the provisions of the contract so that none will be rendered meaningless." Preston Ridge Fin. Servs. Corp. v. Tyler, 796 S.W.2d 772, 778 (Tex. App.–Dallas 1990, writ denied) (citing Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)). The district court properly imposed liability on Mittleider under the Guaranty.

## III. CONCLUSION

For these reasons, we affirm the judgment as modified by the parties' stipulation.

AFFIRMED as MODIFIED.